IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CODY KRUPALA,                                )
                                             )
    Plaintiff,                           )
                                             )
                                             )          CIVIL ACTION NO.
VS.                                          )
                                             )          3:24-CV-0325-G
ADAM ROPE, COLONIAL SAVINGS                  )
FA, and STATE FARM LLOYDS,                    )
                                             )
    Defendants.                          )

**MEMORANDUM OPINION AND ORDER**

Before the court are two motions:  (1) the motion of the plaintiff Cody

Krupala ("Krupala") to remand this case to the state court from which it was

previously removed (docket entry 19) and (2) the motion of the defendant Adam

Rope ("Rope") to dismiss Krupala's claims against him under Federal Rule of Civil

Procedure 12(b)(6) (docket entry 9).  For the reasons stated below, the motion to

remand is granted.

## I.  BACKGROUND

The causes of action in this case arise out of Krupala's insurance claim for

damages – caused by a wind and hail storm – to his real property located in

Midlothian, Texas.  *See generally* Plaintiff's Original Petition ("Petition"), *attached to*

Defendant State Farm Lloyds' Notice of Removal ("Notice") (docket entry 1) as

Exhibit C.  Following the storm, Krupala filed an insurance claim under a property

insurance policy issued by the defendant State Farm Lloyds ("State Farm") and sold

to Krupala by Rope, an insurance agent.  *Id.* ¶¶ 10, 11.  State Farm assigned adjusters

to investigate, inspect, and prepare a report on the claim.  See generally *id.*  Krupala

asserts that these adjusters misrepresented to State Farm "the true extent of damages

and furthermore that other damage to the Property was not covered under the Policy,

even though the damage was caused by a covered occurrence."  *Id.* ¶ 13.

On June 23, 2023, Krupala filed suit against State Farm and State Farm

Lloyds, Inc. in the 40th Judicial District Court of Ellis County, Texas, to recover

damages resulting from the mishandling of his insurance claim and for unfair

settlement practices.  *See generally* Defendant State Farm Lloyds' Notice of Removal

(docket entry 1), No. 3:23-CV-1642-G.  On July 25, 2023, State Farm removed the

case to this court based on diversity of citizenship, arguing that Krupala improperly

joined State Farm Lloyds, Inc. to defeat diversity jurisdiction.  See *id* ¶ 2.  On

December 20, 2023, the court granted the parties' agreed motion for voluntary

dismissal without prejudice as to State Farm and with prejudice as to State Farm

Lloyds, Inc. pursuant to Federal Rule of Civil Procedure Rule 41(a).  *See* docket

entries 18, 19, No. 3:23-CV-1642-G.

Based on the same underlying insurance claim, on January 4, 2024, Krupala, a Texas citizen, filed suit against (1) State Farm, an Arizona or Illinois citizen, for breach of contract, (2) Rope, a Texas citizen, for negligence, negligent misrepresentation, and breach of contract, and (3) Colonial Savings FA ("Colonial"), a Texas citizen and Krupala's mortgage holder, for declaratory judgment in the 40th Judicial District Court of Ellis County, Texas. *See generally* Petition; *see also* Notice ¶¶ 11, 13.

On February 12, 2024, State Farm removed the case to this court based on diversity of citizenship, arguing that Krupala improperly joined Rope and Colonial in the lawsuit to defeat diversity jurisdiction.[*] *See* Notice ¶ 13. The case was assigned to United States District Judge Sam A. Lindsay and then transferred to the undersigned. *See* Order (docket entry 5). Krupala did not object to that transfer.

Krupala moves to remand this case to the state court, arguing that removal was improper because the parties lack complete diversity of citizenship. *See generally* Memorandum in Support of Plaintiff's Motion for Remand (docket entry 20). Krupala does not dispute that the amount in controversy exceeds $75,000, see *id.* at

---

[*]    State Farm asserts that Krupala engaged in impermissible judge shopping as an alternate ground for the court to retain jurisdiction over this case. Notice ¶ 24; see also *id*. ¶ 19. The court finds no credible evidence to support this position.

1, and the parties' citizenship is undisputed.  Therefore, the only issue before the court is whether either Rope or Colonial was properly joined as a defendant.

## II.  ANALYSIS

### A.  Legal Standard

#### 1.  *Removal Jurisdiction*

28 U.S.C. § 1441(a) permits the removal of "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court."  *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, the removal statute must be strictly construed because "removal jurisdiction raises significant federalism concerns."  *Willy v. Coastal Corporation*, 855 F.2d 1160, 1164 (5th Cir. 1988); see also *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).  Therefore, "any doubts concerning removal must be resolved against removal and in favor of remanding the case back to state court."  *Cross v. Bankers Multiple Line Insurance Company*, 810 F. Supp. 748, 750 (N.D. Tex. 1992) (Means, J.); see also *Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-09 (1941).  The party seeking removal bears the burden of establishing federal jurisdiction.  *Willy*, 855 F.2d at 1164.

- 4 -

There are two principal bases upon which a district court may exercise removal jurisdiction:  the existence of a federal question, *see* 28 U.S.C. § 1331, and complete diversity of citizenship among the parties.  *See* 28 U.S.C. § 1332.  Here, the removing defendant has alleged only diversity of citizenship as a basis for this court's jurisdiction.  *See* Notice ¶ 8.  The court can properly exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met:  (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) none of the properly joined defendants is a citizen of the state in which the case is brought, *see* 28 U.S.C. § 1441(b); and (3) the case involves an amount in controversy of more than $75,000, *see* 28 U.S.C. § 1332(a).

Diversity of citizenship exists only when none of the defendants is a citizen of the same state as the plaintiff.  *See* 28 U.S.C. § 1332(a).  Here, Krupala, Rope, and Colonial are citizens of Texas.  *See* Notice ¶¶ 10, 13.  However, State Farm contends that removal is proper because Rope and Colonial were improperly joined in this suit.  *Id*. ¶ 13.

### 2.  *Improper Joinder*

Even if a defendant has the same citizenship as the plaintiff, a federal court can still exercise removal jurisdiction over an action if the court finds that the plaintiff improperly joined the non-diverse defendant.  The Fifth Circuit has recognized two grounds on which a court can find that a defendant was improperly

joined:  "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the

plaintiff to establish a cause of action against the non-diverse party in state court.'"

*Smallwood v. Illinois Central Railroad Company*, 385 F.3d 568, 573 (5th Cir. 2004) (en

banc) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)), *cert. denied*, 544

U.S. 992 (2005)).

   Only the latter ground is at issue here.  To satisfy the second ground for

improper joinder, a defendant must demonstrate that "there is *no possibility* of

recovery by the plaintiff against an in-state defendant, which stated differently means

that there is *no reasonable basis* for the district court to predict that the plaintiff might

be able to recover against an in-state defendant."  *Id.* (emphasis added).

   When applying this test, the court does not "determine whether the plaintiff

will actually or even probably prevail on the merits of the claim [against the in-state

defendant], but look[s] only for a possibility that the plaintiff might do so."  *Guillory*

*v. PPG Industries, Inc.*, 434 F.3d 303, 308-09 (5th Cir. 2005) (citing *Dodson v. Spiliada*

*Maritime Corporation*, 951 F.2d 40, 42-43 (5th Cir. 1992); *B., Inc. v. Miller Brewing*

*Company*, 663 F.2d 545, 549 (5th Cir. 1981)).  Furthermore, the party seeking

removal bears the heavy burden of proving that joinder was improper.  *Smallwood*,

385 F.3d at 574.  This burden requires the trial court to resolve all "contested issues

of material fact, and any ambiguity or uncertainty in the controlling state law" in the

plaintiff's favor.  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).  The

court can only deny the plaintiff's motion for remand if, as a matter of law, there is absolutely no possibility that the plaintiff can state a valid claim against the non-diverse defendant in state court.  See *B., Inc.*, 663 F.2d at 554.  If the defendant cannot prove improper joinder, remand is mandated.  *Smallwood*, 385 F.3d at 575.

To determine whether the plaintiff is unable to establish a cause of action against a non-diverse defendant, "[a] federal court must apply the federal pleading standard."  *International Energy Ventures Management, L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016).

### 3.  *Pleading Standard under Federal Law*

FED. R. CIV. P. 8(a)(2) provides that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 12(b)(6) authorizes dismissal of a complaint "for failure to state a claim upon which relief can be granted."  "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008).  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted).

B.  <u>Application</u>

If the court finds a reasonable basis to predict that Krupala can potentially

recover on any cause of action against Rope or Colonial, the court must remand the

entire case.  See *Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th

Cir. 2004) ("[The] holistic approach to removal mandates that the existence of even

a single valid cause of action against in-state defendants (despite the pleading of

several unavailing claims) requires remand of the entire case to state court.").

Though State Farm argues that Rope has been improperly joined because there is no

reasonable basis for this court to predict that Krupala might be able to recover from

Rope, *see* Notice ¶ 29, State Farm has not sustained its heavy burden of showing that

Rope is an improperly joined party.

Because Texas law recognizes claims against insurance agents like Rope in their

individual capacities, the relevant inquiry is whether Krupala has properly stated a

claim against Rope for his conduct.  Under Texas law, "the essential elements of a

breach of contract action are:  (1) the existence of a valid contract; (2) performance

or tendered performance by the plaintiff; (3) breach of the contract by the defendant;

and (4) damages sustained by the plaintiff as a result of the breach."  *Sugg v.*

*Midwestern University*, 105 F.4th 345, 352 (5th Cir. 2024) (citations omitted).  An

insurance agent's failure to procure requested coverage may give rise to liability for

breach of contract.  See, *e.g.*, *Critchfield v. Smith*, 151 S.W.3d 225, 234 (Tex. App. –

Tyler 2004, pet. denied); see also *Fuller v. Swingle, Collins & Associates*, No.

3:23-CV-1350-D, 2023 WL 5673451 (N.D. Tex. Sept. 1, 2023) (Fitzwater, J.).

The court finds that Krupala has pleaded a potentially valid claim for relief

against Rope for failure to procure the coverage that Krupala had contracted with

Rope to secure which led to the denial of Krupala's claim. See *Fuller*, 2023 WL

5673451, at *3. Because there exists a possibility that Krupala could establish a

cause of action for breach of contract against Rope in state court, this court cannot

say that Krupala's joinder of Rope was improper. Accordingly, State Farm's basis for

removal – complete diversity of citizenship – is lacking, and this case must be

remanded for lack of subject matter jurisdiction. *See* 28 U.S.C. §§ 1441(b), 1447(c).

## III.  CONCLUSION

For the reasons stated above, the plaintiff's motion to remand is **GRANTED**.

Accordingly, this case is **REMANDED** to the 40th Judicial District Court of Ellis

County, Texas. The Clerk of Court shall mail a certified copy of this order to the

district clerk of Ellis County, Texas. 28 U.S.C. § 1447.

Rope's motion to dismiss for failure to state a claim upon which relief can be

**DENIED** as moot.

**SO ORDERED**.

March 17, 2025.

_____
**A. JOE FISH**
**Senior United States District Judge**